711 F.2d 666
 HERB'S WELDING and United States Fidelity & Guaranty
Company, Petitioners,
v.
Robert H. GRAY and the Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 82-4147.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 8, 1983.
 
 John F. Simon, Alexandria, La., Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, La., for petitioners.
 Christopher Tompkins, New Orleans, La., for amicus Kerr-McGee Corp.
 Robert M. Contois, Jr., New Orleans, La., for amici Texaco, et al.
 Joshua T. Gillelan, II, U.S. Dept. of Labor, Washington, D.C., James J. Brady, T. Gerald Henderson, Alexandria, La., for respondents.
 Petition for Review of an Order of the Benefits Review Board
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion April 18, 1983, 5th Cir.1983, 703 F.2d 176).
 Before CLARK, Chief Judge, THORNBERRY and REAVLEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herb's Welding, United States Fidelity & Guaranty Company and various amici curiae have petitioned this court for a panel or en banc rehearing of this case.
 
 
 2
 We address one point raised by Herb's Welding and its carrier. They suggest that our decision is contrary to our previous decision relating to the same accident. Gray v. Chevron, 644 F.2d 540 (5th Cir.1980). There the same Robert H. Gray brought a tort action against Chevron, the owner of the fixed platform. Gray alleged his injuries were due to Chevron's negligence. Chevron moved for summary judgment claiming that under Louisiana workers' compensation law, it was Gray's statutory employer. Gray opposed the motion arguing that under the terms of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b), the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., was made applicable to his situation. (This is the same argument which the Benefits Review Board approved below in Herb's Welding v. Gray, but which we found unnecessary to reach). The district court in Gray v. Chevron, No. 76-0708 (W.D.La.1978), granted the summary judgment and dismissed the suit. The judge concluded that the Outer Continental Shelf Lands Act did not apply; that Louisiana law applied; that Chevron was Gray's statutory employer, and that as to Chevron, Gray's sole remedy was workers' compensation benefits. This court affirmed.
 
 
 3
 Herb's Welding acknowledges that the law of the case doctrine does not apply. However, it argues that if the LHWCA applies to Gray's accident, then Chevron could not assert a statutory employer defense since such immunity is not available under the federal act.
 
 
 4
 Our previous decision in Gray v. Chevron does not control our present case. The Gray v. Chevron opinion was rendered in 1978. It was affirmed in 1981 on the narrow issue of whether the district court correctly interpreted Louisiana's workers' compensation law in light of this court's decision in Blanchard v. Engine and Gas Compressor Services, Inc., 613 F.2d 65 (5th Cir.1980). Today's case, Herb's Welding v. Gray, is based on an inconsistent premise that the Longshoremen's and Harbor Workers' Compensation Act not the Louisiana Workmen's Compensation Act is applicable. Two facts, however, persuade us that Gray v. Chevron should not control here. First, Gray v. Chevron held that the Outer Continental Shelf Lands Act did not extend LHWCA coverage to Gray. That is not contrary to our present decision. It was not asserted at that time that the LHWCA could apply independent of the Lands Act. Second, since the initial decision, the LHWCA has undergone extensive interpretation. We must now consider the LHWCA in light of Director, Office of Workers' Compensation Programs v. Perini, --- U.S. ----, 103 S.Ct. 634, 74 L.Ed.2d 465 (1983); Ward v. Director, Office of Workers' Compensation Programs, 684 F.2d 1114 (5th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 815, 74 L.Ed.2d 1013 (1983); and Boudreaux v. American Workover, Inc., 680 F.2d 1034 (5th Cir.1982) (en banc), cert. denied, --- U.S. ----, 103 S.Ct. 815, 76 L.Ed.2d ---- (1983). Given the guidance of these subsequent precedents it is obvious that the LHWCA on its own terms applies to Gray. This position was neither advocated nor decided in Gray v. Chevron.
 
 
 5
 The petition for panel rehearing is DENIED and no member of this panel nor Judge in active service on the Court having requested that the Court be polled on rehearing en banc, the suggestion for rehearing en banc is also DENIED.